IN RE PETITION OF GEORGE N. MARIS FOR THE CUSTODY OF HIS MINOR CHILD RUTH B. MARIS.

*Habeas Corpus—Custody and Control of Child—Right of Father—General Rule; Modification Thereof.*

1. While it is the general rule that the father has the paramount right to the custody of his minor child, it is subject to modification by the particular facts and circumstances of the case. While not alone conclusive, the interests of the child is an important factor in the determination of the question whether the father should be given the control of the child.

2. Having this rule and its modification in view, after a careful consideration of the facts in the case, *held*, that the relations heretofore established between the petitioner and the respondent with respect to the child should not be disturbed, and that the custody and control of the child should not be taken from respondent,—the grandmother.

(*March* 24, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Howell S. England* for petitioner.

*Anthony Higgins* and *Harry Emmons* for respondent.

HABEAS CORPUS.

Superior Court, New Castle County, February Term, 1906.

LORE, C. J.:—In this *habeas corpus* proceeding, George N. Maris, the petitioner, asks for the custody and control of his minor child Ruth B. Maris, who he alleges is unlawfully held and restrained of her liberty by the respondent Margaret A. Capelle.

It seems from the evidence that in October, 1892, the petitioner married Margaret B. Capelle, the daughter of Alexander A. Capelle, deceased, and of his wife Margaret A. Capelle, the respondent. The petitioner and his wife lived together until December 1902; during which time two children were born to them, viz., Margaret A., born September 9, 1894, and Ruth B. (the subject of these proceedings), born July 26, 1902.

In December 1902, the petitioner broke up housekeeping, and his wife and their two children, Margaret and Ruth, with the consent and approbation of the petitioner, went to live with his wife's parents above named, at 906 West Street in this city. They continued to live there until the death of the wife, April 28, 1904. Just before her death, the wife of the petitioner requested of her husband that the children should continue to live with and under the care and control of her parents, with whom they were all then living. To this request the petitioner made no objection, and the children continued so to live with their grand-parents until June 22, 1905, when they both went to the home of their father, the petitioner. Margaret the elder has remained with her father until the present time, but Ruth was returned to her grand-parents July 11, 1905, by her father, the petitioner, who under his hand stated that he was willing that Mr. Capelle should take Ruth absolutely under his care and control. Under these circumstances Ruth has remained with her grand-parents up to the present time.

From these undisputed facts, it appears that Ruth, with the approval both of her father and mother, has been under the care of the respondent from December, 1902, up until the commencement of these proceedings, with the exception of nineteen days in June and July of 1905, when she was at home with her father, as above stated. During all that time she has been maintained. controlled and cared for by the respondent and her husband, Since the death of Ruth's mother the respondent has stood in the place of a mother to the child. There seems to have sprung up between them a tender relation and strong affection. The respondent has become attached to the child by reason of natural ties and affections and the peculiar conditions of the case. It appears that the respondent is amply able and willing to care for the maintenance, nurture and education of the child thus entrusted to her for nearly four years last past by both parents.

It appears, therefore, that the conditions above stated have grown out of the acts and agreement of the petitioner himself. The child, a girl of less than four years old, is of that tender age

that calls especially for the sympathy, care and teaching of a mother. In this case the grandmother comes perhaps nearest to filling that want.

Much stress has been laid upon the common law rule, that the father has the paramount right to the custody of his minor children. While we recognize this as a general rule, it is subject to modification by the particular facts and circumstances of the case. While not alone conclusive, the interest of the child is an important factor in the determination of the question, whether the father should be given the control of the child.

Having this rule and its modification in view, after a careful consideration of the facts in this case, we have concluded that the relations heretofore established between the petitioner and the respondent with respect to the child should not be disturbed, and that the custody and control of Ruth B. Maris ought not to be taken from the respondent.

It is therefore ordered by the Court that the custody and control of said minor, Ruth B. Maris, shall remain in the respondent, Margaret A. Capelle; with the right, however, in the said George A. Maris and his daughter Margaret A., and his father, mother and sister, to visit the said minor at all seasonable times and places.