Commonwealth ex rel. Welsh *v.* Welsh, Appellant.

Argued April 22, 1929.

Before TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Edward J. McGinness,* for appellant.—The father,

who is a fit person, who maintains a household of his own, and has evinced an interest and affection for his child should be given its custody after the death of its mother: Commonwealth ex rel. Bloomfield v. Faxstein, 84 Pa. Superior Ct. 243; Commonwealth ex rel. King v. Louden, 87 Pa. Superior Ct. 330; Commonwealth v. Lane, 90 Pa. Superior Ct. 350; Commonwealth ex rel. Rockey v. Hoffman, 91 Pa. Superior Ct. 213.

*H. Stanley Douglass,* for appellees.—It is not for the best interest and welfare of a minor child that it should be taken from its maternal grandparents who have given and are able and competent to give it an excellent home and attention, and be given to the father, who, since the death of the mother has remarried: Commonwealth ex rel. v. Clifford, 65 Pa. Superior Ct. 110; Heinemann's Appeal, 96 Pa. 112; Commonwealth ex rel. v. Tweedy, 74 Pa. Superior Ct. 577.

OPINION BY GAWTHROP, J., July 2, 1929:

William Welsh, the father of Paul Earl Welsh, born October 22, 1921, appeals from an order of the county court of Allegheny County, made March 14, 1929, awarding the custody of the child to his maternal grandparents. The material facts are these: William Welsh married Marie Arvin Welsh on December 10, 1920, and one child, the custody of whom is involved, was born October 22, 1921. In October, 1924, because of domestic difficulties, the husband and wife separated, she going to the home of her parents with her child and living there with him until her death on December 24, 1928. The child has remained in the custody of the mother's parents. On November 10, 1924, pursuant to an information made by the wife before an alderman charging the husband with desertion and non-support of herself and child, the court below made

an order on the father to pay $5 per week for the support of the child only. On June 26, 1926, the wife was granted a divorce by the court of common pleas of Allegheny County on the ground of cruel and barbarous treatment. The husband did not defend the suit. On October 27, 1927, the father married his present wife. On January 14, 1929, he filed a petition for the vacation of the support order and for the custody of his child. The rule granted on this petition was continued indefinitely. On February 23, 1929, he filed a second petition for the vacation of the support order and for the custody of the child. After hearing the court below made the order appealed from, continuing the custody of the child with his mother's parents and requiring the father to pay them $5 per week for the future support of the child and $1 per week on account of arrearages under the prior order which were fixed at $30. The father and his present wife occupy an apartment, consisting of three rooms and a bath, at 1611 Fifth Avenue, McKeesport, for which he pays a rental of $25 a month. There is a small yard connected with the apartment and a public playground nearby. He has steady employment, earning $32.50 a week. There are no children by the second marriage. The child has been in the habit of visiting his father and stepmother and gets along well with her. She has had experience in caring for children. She testified that the child "seems to like me and I think a lot of him." The home of the grandparents in McKeesport consists of a rented house, containing six rooms, occupied by them jointly with their married son and his wife, and their minor son now seventeen years of age. The grandfather is employed as a night watchman and earns $21 a week. He has no other income.

It is undisputed that both the father and his present wife and the grandparents are fit persons to have the

custody of the child. The court below took the view that as the child had lived with his grandparents practically all his life and they are people of respectability, who will exercise a good influence over him, the best interest and permanent welfare of the child will be served by his remaining there, rather than by being transferred to his father's home and placed under the care of a stepmother.

We have been unable to adopt that view. The evidence is uncontradicted and conclusive that the father of the child has a home of his own in which he can properly maintain and rear him. He appears to have a fatherly affection for the child and there is nothing in the evidence to warrant the conclusion that he does not have a reasonable conception of the duties and responsibilities of a father. In cases like this the paramount consideration is the best interest and permanent welfare of the child: Com. ex rel. Miller v. Barclay, — Pa. Superior Ct. —; Com. v. Mauch, 91 Pa. Superior Ct. 220; Com. ex rel. v. Faxstein, 84 Pa. Superior Ct. 243. The general rule is that the father is entitled to the custody of his infant children, that right growing out of his obligation to maintain and educate them: Heinemann's Appeal, 96 Pa. 112; Com. v. Mauch, supra. In Heinemann's Appeal the court said that this right "is not on account of any absolute right in the father, but for the benefit of the infant, the law presuming it to be for its interest to be under the nurture and care of its protector, both for maintenance and education." But Mr. Justice Fell said in Com. ex rel. Parker v. Blatt, 165 Pa. 213, that "the legal right of the parent to the custody, care and companionship of his children is not to be interfered with, except for the most substantial reasons affecting their welfare." We think the real question in this case is the same as that in Com. v. Mauch, supra, in which Judge Cunningham said that the question was

"whether the presumption in favor of the father is overthrown by the evidence." In that case we reversed an order awarding the child to his father, but we said that if the father had a home of his own in which it could be properly maintained and reared and had shown that he had any reasonable conception of his duties and responsibilities as a father, we would not be disposed to disturb the order. In Com. ex rel. v. Hoffman, 91 Pa. Superior Ct. 213, in which the child was placed in the custody of his maternal grandmother, the father had no formal household of his own. We are clear that there is no evidence in the record to justify the withholding of the child, now past the age of seven years, from his father and stepmother. We are not unmindful of the fact that the grandparents have become so deeply attached to the child that it will be a real hardship to be deprived of his society. Doubtless their desire to retain his custody is strengthened by the fact that his mother expressed the wish shortly before her death, that if anything should happen to her she would like her mother to have the custody of the boy. We cannot, however, permit sympathy for the grandparents to interfere with the best interest and future welfare of the child. While there may be little difference in the physical and material conditions in the two homes and in the financial ability of the respective parties to support and educate the child, the right of the father to the custody of his own child, all other considerations being equal, should incline the scale in his favor in weighing the evidence on the question of the child's best interest and permanent welfare.

The order is reversed and the record is remitted with direction that, when appellant has paid the $30 arrearages under a former order, an order be entered awarding the custody of the child, Paul Earl Welsh, to his father.