Commonwealth ex rel. Swartzwelder *v.* Swartzwelder, Appellant.

Argued November 19, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Swirles L. Himes,* with him *Robert H. Henderson,* for appellant.

*C. Jewett Henry,* with him *A. Lynn Corcelius,* for appellee.

OPINION BY RHODES, P. J., March 8, 1948:

This is a habeas corpus proceeding involving the custody of a child. The proceeding was instituted by the mother-relatrix to obtain possession from the father-respondent of their six-year-old son. The court below awarded to the relatrix the custody of their child subject to the right of the respondent, the father, to have the child visit his home for such periods as may be mutually agreed upon by the parties or determined by the court.

On February 21, 1946, relatrix filed her original petition for writ of habeas corpus. A compromise was reached

between the parties, and in pursuance of a stipulation the court made an order on April 12, 1946, confirming respondent's custody and allowing relatrix to have the child with her at specified times. On March 24, 1947, relatrix filed a petition seeking reconsideration of the order and an award of custody of the child to herself. Relatrix in this petition averred that she should have custody of the child as the respondent was not a fit person to have custody of their son. After hearing, the court on August 13, 1947, made the order from which respondent has appealed.

In this type of case we are required to consider the testimony and make such order upon the merits of the case as to right and justice shall belong. Act of July 11, 1917, P. L. 817, §1, 12 PS §1874; *Com. ex rel. Kreiling v. Kreiling,* 156 Pa. Superior Ct. 526, 531, 40 A. 2d 704. And, the controversy being between the father and the mother, who are now divorced, in determining which shall have custody of the child regard must be had to the fitness of such parent as well as the best interest of the child. Act of June 26, 1895, P. L. 316, 48 PS §92; *Com. ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 562, 25 A. 2d 855; *Com. ex rel. Fortunes v. Manos,* 140 Pa. Superior Ct. 352, 13 A. 2d 886.

The child was born on September 30, 1941. The next day after birth the child was taken into the home of respondent in Huntingdon, Pennsylvania, and from the time he was eight days old until November 30, 1945, relatrix resided there. During this time relatrix was employed. Respondent's mother and a sister also live with him and assist in the supervision and care of the child. Respondent was discharged from the army on July 24, 1945. On November 30, 1945, relatrix surreptitiously left respondent's home and took the child with her to the home of her aunt and uncle who live near Philadelphia. Without recourse to any legal proceedings, respondent gained possession of the child and returned with him to their home in Huntingdon. On March 27, 1946, respon-

dent filed his libel in divorce against relatrix. The parties were divorced in September, 1946.

Respondent has a responsible position with the Owens Corning Fiber Glass Corporation at Huntingdon, and owns his own home. His salary is $250 to $260 per month. On September 28, 1946, relatrix accepted employment with the Bell Telephone Company at Darby, Pennsylvania, and since that time has lived with her aunt and uncle in a suburb of Philadelphia. She testified that her salary at the time of the hearing was $200 to $225 per month, but that an increase had been granted which would make it $250 a month.

In general, the needs of a child of tender years are best served by its mother, and, unless compelling reasons appear to the contrary, such child should be committed to the care and custody of its mother. *Com. ex rel. Gates v. Gates,* 161 Pa. Superior Ct. 423, 55 A. 2d 562; *Com. ex rel. Lamberson v. Batyko et al.,* 157 Pa. Superior Ct. 389, 391, 43 A. 2d 364; *Com. ex rel. Minnick v. Wilson et ux.,* 159 Pa. Superior Ct. 230, 232, 48 A. 2d 27. Lapse from moral standards has been held not controlling in determining the question of custody of a child of tender years where the parent is not otherwise at fault. *Com. ex rel. Bock v. Bock,* 159 Pa. Superior Ct. 159, 162, 48 A. 2d 133.

In the present case, we are of the opinion that the order of the court below cannot be justified solely on the principle that a child of tender years should be committed to the care and custody of its mother. Her right thereto is not absolute; it must yield to the best interest and welfare of the child. *Latney's Appeal,* 146 Pa. Superior Ct. 20, 22, 21 A. 2d 521. Moreover, a father's right is not to be entirely ignored, as it is his obligation to maintain and educate his child. *Com. ex rel. Welsh v. Welsh,* 96 Pa. Superior Ct. 426, 429. This is especially true if his home in which the child has lived since birth is a comfortable, proper, and satisfactory home, and in which the child receives requisite supervision and ade-

quate care. The court below in its opinion in the present case said: "A number of witnesses were called whose integrity can in no way be questioned and they all agree the Swartzwelder home is well kept, attractive and a good home in which to raise a child; that Frank, Junior, goes to Sunday School, Bible School, is polite, courteous and shows good training."

Although the relatrix' past conduct may not be a compelling reason to deprive her of the custody of the child, it is a factor for consideration in connection with the general situation. We are not convinced, from an examination of the testimony, that relatrix has sustained the averment of her petition that respondent is not a fit person to have the custody of their child. As to individual fitness, there may be no substantial basis for choosing between them. But we are of the opinion that the interest and welfare of this child will be best subserved if he remains under his father's care, and the present living arrangements which have been conducive to the happiness and well-being of the child are continued. See *Com. ex rel. Goldbaum v. Goldbaum*, 161 Pa. Superior Ct. 131, 134, 53 A. 2d 746. The child's present home is satisfactory; it is in a good neighborhood; it is near the school and church which the child attends. The record is devoid of any indication that the child is not well cared for. There is much positive testimony showing the satisfactory surroundings and the healthy home life of the child. This is recognized in the opinion of the court below. On the other hand, the prospective home offered by relatrix is with her aunt and uncle near Philadelphia. She is employed, and the child would be obliged to live in a strange household. It is of importance that this home may lack the desirable quality of continuity and stability. On cross-examination, Mrs. Ethel Zentmyer, the aunt, was asked: "Q. Isn't it correct since the last hearing you made the statement, not in Court, but outside of Court, that you expected to move away from

there?" She replied: "A. That depends. You don't know what Don's work might be. He is an engineer." This testimony indicates that the home offered by relatrix may be a precarious one. The child is now more than six years of age, and has always received the best of care in his father's household, notwithstanding the fact that relatrix while living in respondent's home was employed, and since November 1945 has maintained no sustained relationship or connection with the child. The record, we think, discloses another factor which cannot be ignored. Relatrix appears to be motivated more by a hostile feeling toward respondent than by a deep-seated concern for the child's present and future welfare. If conditions materially change, whereby the child's welfare may be adversely affected, further action may always be taken. *Com. ex rel. Knouse v. Knouse et al.,* 146 Pa. Superior Ct. 396, 398, 22 A. 2d 618.

The order of the court below is reversed, and the record is remitted with directions to enter an order awarding the custody of the child, Frank B. Swartzwelder, Jr., to the father, Frank B. Swartzwelder, subject to the right of the mother to visitation and limited custody at proper and reasonable times.