Com. ex rel. Barnett, Appellant, *v.* Currie.

Argued October 5, 1949. Before RHODES, P. J., DITHRICH, ROSS, ARNOLD and FINE, JJ. (HIRT and RENO, JJ., absent).

478

*Allen Grant,* for appellant.

*John Justin McCarthy,* with him *Michael J. O'Donnell,* for appellee.

OPINION. BY RHODES, P. J., November 15, 1949:

This is a habeas corpus proceeding which was instituted by the maternal grandmother to obtain possession from the stepmother of a child born on February 25, 1946. The court below awarded to the stepmother the continued custody of the child with the right to the grandmother to visit her granddaughter. This appeal was by the grandmother of the minor from the order of the court below.

As we have frequently said, in this type of case, we are required to consider the testimony and make such order on the merits of the case as to right and justice shall belong. Act of July 11, 1917, P. L. 817, §1, 12 PS §1874; *Com. ex rel. Swartzwelder v. Swartzwelder,* 162 Pa. Superior Ct. 366, 368, 57 A. 2d 610.

It is conceded that appellant, the grandmother of the minor, and the stepmother are proper and fit persons to have custody of the child. No question is raised as to the character or moral fitness of either, and both maintain suitable homes and have adequate financial means to support the child. It is appellant's position that she as a grandparent has a superior right to the

legal custody of her granddaughter, whose parents are both deceased, over the stepmother of said minor; that a grandparent has an inherent common law right as a natural guardian superior to that of a mere stranger. Appellant relies upon the case of *Com. ex rel. Stevens v. Shannon*, 107 Pa. Superior Ct. 557, 164 A. 352, in support of this position. In the *Shannon* case custody of the minor child was awarded to the maternal grandmother, both parents being deceased. But in doing so this Court recognized the following principle, page 562 of 107 Pa. Superior Ct., page 353 of 164 A.: "The guiding star for the court in coming to a conclusion in a case of this character, is the welfare of the child. To this the rights of parents and all other considerations are subordinate."

In *Rumsey's Case*, 135 Pa. Superior Ct. 515, 7 A. 2d 43, the grandparents of a minor sought to obtain exclusive custody of the child. In sustaining an order directing that the minor child remain in the custody of his stepfather, we said, after quoting from the *Shannon* case as above, page 519 of 135 Pa. Superior Ct., page 45 of 7 A. 2d: "A consideration of the testimony in that light establishes the propriety of the order awarding the custody of the child to appellee. The balance of advantage is clearly with that disposition of the case. To remove the child from a home, with all of its advantages, in which he has lived for years, and from the wholesome environment to which he has made a complete adjustment, could not be done in the interests of the child."

In *Com. ex rel. Swartzwelder v. Swartzwelder*, supra, 162 Pa. Superior Ct. 366, 369, 57 A. 2d 610, we said that, in general, the needs of a child of tender years are best served by its mother. But we held that an order awarding custody cannot be justified solely on the principle that a child of tender years should be committed to the care and custody of its mother; that even her

right thereto is not absolute; and that it must yield to the best interest and welfare of the child. See, also, *Com. v. Mauch*, 91 Pa. Superior Ct. 220, 223.

On January 3, 1942, Forrest P. Currie, Jr., and Norbertine Barnett, daughter of appellant, the parents of the child whose custody is involved in these proceedings, were married. The child was born on February 25, 1946. The mother died on March 10, 1946, without having left the hospital after the birth of her child. On or about March 18, 1946, the child, who was named Bernadette Norbertine Currie, was taken from the hospital by her father and placed in the home of his own sister in Philadelphia. The child remained there for approximately four months when she was removed by her father to the home of his parents in the same city. On February 1, 1947, the father of the child married Helen Slavin, the present respondent. They took the child, then almost a year old, into their home immediately after the marriage. On February 3, 1948, a son, Forrest P. Currie, 3d, was born to the father and his wife, the respondent. On February 23, 1949, the father of the minor child in this case died after a brief illness. After the death of her husband, respondent continued to raise and support both young children, and this has continued to the present.

Appellant has had little contact with the child since her birth. For the first year the child lived with its father's relatives. After the father's marriage to respondent on February 1, 1947, appellant saw the child only a few times, and there is some indication from the testimony that she has manifested only a slight interest in her granddaughter, although her visits may have been discouraged by respondent since the death of the child's father on February 23, 1949. Appellant is virtually a stranger to the child up to the present time; and she is not responsible for the support of her granddaughter.

See Act of June 24, 1937, P. L. 2045, §3, as amended by the Act of May 23, 1945, P. L. 864, §1, 62 PS §1973.

We agree with the disposition of this case by the court below and with the reasons given in support thereof. Judge WINNET, in his opinion, said: "An examination of what both the grandmother and stepmother have to offer this child reveals the advantage clearly in favor of the stepmother. (1) By allowing the child to remain with the stepmother, there will be continuity. She has had the finest of care, love and affection. To move a child from one home to another is always attended by shock and should be avoided if possible. (2) There is more likelihood of permanent security for the child by remaining with the stepmother. There is a difference in age of twenty-nine years between the parties. If custody is given to the grandmother, and she becomes ill, or in the event she dies, the child will again be subjected to the shock of transfer to another home. Children are better off as a rule in homes of youthful caretakers rather than those of advanced years. With all the love the grandmother bears the child, her bringing up is bound to be a trial to her at her age, and be reflected in the happiness and proper adjustment. (3) Children are better off in homes where there are other young children, and particularly where they can be raised with siblings. In the grandmother's home the child will be an only child; with the stepmother she will be raised along with her half brother. In the home of the grandmother this half brother in another home will be but a stranger. (4) Finally, allowing the child to remain with the stepmother does not deprive the grandmother of the right to love and be loved by this grandchild."

Order is affirmed.