Ex Parte Marti.

*(March* 15, 1951.)

HERRMANN, J., sitting.

*Howard E. Lynch, Jr.,* for Petitioner.

*Arley B. Magee, Jr.,* for Respondent.

Superior Court for Kent County, No. 35, C. A. 1951.

HERRMANN, J.:

By writ of *habeas corpus* directed to the respondent, Jacob A. Marti, the petitioner, Elizabeth Savage Marti, seeks the cus-

tody and control of Jacob A. Marti, Jr., the minor child of the parties.

The petitioner and the respondent were married on November 1, 1947. The child was born of the marriage on June 6, 1948. The parties lived together in Delaware until November 17, 1949, when they separated. At the time of the separation, the petitioner took the child to the home of the petitioner's mother in Paterson, New Jersey. The child remained in the petitioner's custody from the time of the separation until November 22, 1950. During that period, the petitioner lived with her mother, but the child, for the most part, lived at the home of the petitioner's brother which was located approximately one mile away from the petitioner's residence. The child lived with the petitioner on weekends only, although the petitioner frequently visited the child at her brother's home during the course of the week. This arrangement for the care of the child was the result of the fact that both the petitioner and her mother were engaged in full time employment.

On November 22, 1950, the respondent obtained the petitioner's consent to take the child to the home of the respondent's mother for a visit, upon the condition that he would return the child to the petitioner within the week. The respondent did not return the child to the petitioner, and from that time until the present the child has been living with the respondent at Cheswold, Delaware.

The respondent is a door-to-door salesman of cooking utensils. His work requires daily travel by automobile. As part of his sales technique, the respondent often arranges dinner parties at the homes of customers or potential customers. Upon these occasions, the respondent prepares the dinner and thereby demonstrates his wares. While living with the respondent, the child accompanies the respondent each day on his sales route, leaving home in the morning and often not returning until late at night. The dinner parties arranged by the respondent frequently take

place in the evening and the child accompanies the respondent on such occasions.

The respondent has not been able to afford a housekeeper or other person to care for the child. He has been having financial difficulties and he is now on notice to vacate his living quarters for non-payment of rent.

The petitioner is morally a proper person to have the custody of her child. The homes of the petitioner's mother and brother are suitable.

The respondent's principal contentions are that the petitioner did not properly care for the child before the separation, that she was not justified in leaving him, and that she has rejected his sincere efforts toward a reconciliation.

It does not appear that the petitioner failed to accord proper care and attention to the child prior to the separation.

■ In a proceeding of this nature, the Court is not concerned with the marital difficulties of the parents except as such difficulties may relate to the moral character or fitness of a parent. *Com. ex rel. Gates v. Gates*, 161 *Pa. Super.* 423, 55 *A.* 2d 562. The separation here resulted from financial difficulties. In the absence of evidence that the marriage was disrupted by the immorality or unfitness of one of the parents, the facts and circumstances of the separation or of any attempted reconciliation are immaterial.

■■ In this proceeding, the Court is concerned only with the present and future welfare of the child. This is the paramount and controlling consideration, the rights and wishes of parents and all other considerations being subordinate thereto. Each such case must be viewed in relation to the health, happiness, development and morals of the child. After a careful consideration of the facts, and in the exercise of a sound judicial discretion the Court must place the minor child in such custody as will best serve the future welfare of the child. *Smith v. Smith,*

4 *Terry* 268, 45 *A.* 2d 879; *Com. ex rel. Children's Aid Society v. Gard, et ux.,* 362 *Pa.* 85, 66 *A.* 2d 300; *Com. ex rel. Barnett v. Currie,* 165 *Pa. Super* 477, 69 *A.* 2d 154; *Ex parte Alsdorf,* 142 *N. J. Eq.* 246, 59 *A.* 2d 610. The Court is not bound by any unqualified common law rule or by any legal right of a parent. *Ex parte Maris,* 7 *Penn.* 242, 63 *A.* 197.

█ It is now settled practice in this State, where no compelling reasons appear to the contrary, to commit a child of tender years to the care and custody of the mother. A child of less than three years is of "that tender age that calls especially for the sympathy, care, and teaching of a mother". *Ex parte Maris, supra.*

The award of the custody of the child to the petitioner in this case, however, would bring to the child little of the motherly sympathy, care and teaching to which he is entitled, unless the petitioner changes the arrangements existing prior to November 22, 1950 for "boarding out" the child at the home of the petitioner's brother. While it may be necessary that the child be cared for at the home of the petitioner's brother during the hours of employment of the petitioner and her mother, there appears to be no valid reason for otherwise depriving the child of the motherly love and devotion the petitioner so earnestly asserts.

█ The respondent has made a valiant attempt to take care of his son. In some respects, the respondent's efforts bespeak a greater love than do those of the petitioner. A comparison, however, of the facilities for the child available to the respondent, on the one hand, and to the petitioner, on the other, can only lead to the conclusion that the welfare of the child will be best served if the petitioner has custody and control at this time.

Custody of the child will be awarded to the petitioner upon the following conditions:

1. That the child live with the petitioner, except that the

petitioner may make reasonable arrangements for the care of the child during her hours of employment.

2. That reasonable visitation rights be accorded to the respondent.

3. That the custody of the child shall remain subject to the further order of this Court.

An Order may be submitted on notice.