J. CLARK NELSON, Defendant Below, Appellant, v. JANE NELSON MURRAY, Plaintiff Below, Appellee.

(*July* 8, 1965)

WOLCOTT, C. J., and CAREY and HERRMANN' JJ., sitting.

*John B. Maybee* of Twilley & Maybee, for defendant below, appellant.

*George T. Coulson,* of Morris, Nichols, Arsht & Tunnell, for plaintiff below, appellee.

Supreme Court of the State of Delaware. No. 94, 1964.

HERRMANN, Justice:

This appeal, involving a contest over the custody of the two

minor children of the parties, requires us to review the facts in some detail:

Mr. and Mrs. J. Clark Nelson were married in 1956. Two daughters were born of the marriage: Kimberly on February 10, 1957 and Dayna on May 17, 1959. The marriage soon deteriorated until a separation took place on May 25, 1960. Mr. Nelson was recuperating from hospitalization at the time. Mrs. Nelson departed the home, taking the children with her, after demanding and obtaining her husband's signature on a separation agreement. Under the agreement, Mrs. Nelson was to receive custody of the children and support for herself and the children.

On June 6, 1960, Mrs. Nelson brought an action for support in the Juvenile Court of Kent County (now the Family Court of Kent and Sussex Counties). The matter was duly heard and resulted in a stipulated order of that court dated June 14, 1960, providing that custody of the children be vested in the Maternal grandmother, Mrs. Ruth Brickley of Camden, Delaware, pending further order of the court; and also providing for support of the children but not for Mrs. Nelson. The father visited the children regularly while they lived with Mrs. Brickley.

The father obtained a divorce in Alabama in November 1960. On December 5, 1961, Mr. Nelson petitioned the Family Court to review the custody order of June 14, 1960, seeking transfer of custody from Mrs. Brickley to himself. This petition was duly heard on December 15, 1961 and resulted in an order of the Family Court, dated January 2, 1962, granting custody to the father with visitation rights to the mother. The father is an officer in the Air Force stationed at the Dover Air Base and has been such since 1955. He has attained the rank of Captain and is eligible to remain at his present station indefinitely. He established a home for the children in a four bedroom house provided by the Air Force and brought his mother into the home to live permanently. The paternal grandmother is about 59 years old; and she has succeeded very well in the role she has undertaken. The children are happily and firmly established in school, church and social life of the

community in which they have lived since January 1962. This remains the situation to date, a stay having been granted pending the outcome of this appeal.

Mrs. Nelson moved to New York City shortly after the separation and sought a career there as a model; but she was unsuccessful. She continued to reside in New York, visiting the children irregularly, until her remarriage in February 1963 to Mr. Lloyd Murray.

Mr. Murray is a computer maintenance and installation specialist. He is responsible and stable and capable of earning an adequate income. He worked in Greenland from 1961 to 1963 and had arrangements for employment in Alaska on a one year assignment. The place of his permanent employment was uncertain, the possibility of a position in Massachusetts being the last reference in the record on the subject. The Murrays rented a two bedroom apartment in Dover in May 1963.

On June 4, 1963, the mother (hereinafter "plaintiff") filed a petition in the Family Court for a review of the custody order of January 2, 1962, seeking transfer of custody from the father (hereinafter "defendant") to herself. The plaintiff's petition set forth her remarriage, her willingness and ability to provide a proper home for the children, the children's need for a mother's care and affection, and the inadequacy of the care being provided by the defendant. After full hearing and submission of briefs, the Family Court entered its order, dated January 2, 1964, denying the plaintiff's petition and continuing custody in the defendant under the order of January 2, 1962, Judge Stevenson stating: "I am of the opinion that it would not be in the best interest of these children to be removed from their present home at this time."

The plaintiff appealed to the Superior Court of Kent County from the Family Court order and the defendant counter-appealed seeking diminution of the plaintiff's visitation rights. After another full hearing in June 1964 and submission of briefs, the Superior Court, by its order dated November 4, 1964, reversed the Family Court and transferred custody from the defendant father to the plaintiff mother.

In so doing, the Superior Court found that the separation agreement was voluntarily entered into by both parties with full knowledge of its contents, the father thus admitting that the mother was fit to care for the children; that even if the mother were with the children infrequently while living and working in New York, as the father contended, this was not sufficient reason to deprive her of custody; that there has been no showing that the mother is unfit to care for the children; that the father has properly cared for the children since receiving custody in January 1962; that, therefore, neither parent is disqualified from being the custodian of the children and either can and will properly provide for them; but that "the mother's circumstances are presently so attractive especially when the future is considered * * * it is in the best interest of these children if they are placed in the custody of the mother." From this decision of the Superior Court the defendant appeals to this court.

On this appeal, as in Chancery appeals, we review the facts and the law, the case being before us for rehearing on both. This has become our scope of review in non-jury Superior Court cases by virtue of the 1960 Constitutional Amendment which abolished the distinction between writs of error and appeals. Since the Superior Court saw and heard the witnesses, it becomes our duty to weigh the evidence in the cause and to test it for sufficiency to support the findings of the Superior Court. Moreover, we are obliged to review the inferences and deductions made by the trial court; and, if we think justice requires it, we will draw our own inferences and deductions. *Nardo v. Nardo*, Storey, 209 A. 2d 905 (1965); In re Two Minor Children, 3 Storey 565, 173 A. 2d 876 (1961); *Blish v. Thompson Automatic Arms Corp.*, 30 Del. Ch. 538, 64 A. 2d 581 (1948); *New York Trust Co. v. Riley*, 24 Del. Ch. 354, 16 A. 2d 772 (1940).

After careful review of the record, and with due deference to the conscientious exercise by the Superior Court of its judgment in this most difficult area of human relations, we find that we are unable to agree with its ultimate conclusion. While we do not disturb its findings of fact, we do disagree with the Superior Court's deduction therefrom that it is now in the best interest of the children to remove them from

the custody of the father and place them in the custody of the mother. Our reasons for such disagreement are as follows:

First, of paramount consideration is the present and future welfare of the children; their welfare must be provided for with as little uncertainty as possible. In re Two Minor Children, supra. All other considerations, including the wishes, rights, and happiness of parents, are subordinate thereto. *Smith v. Smith*, 4 Terry 268, 45 A. 2d 879 (1946); Ex Parte Marti, 7 Terry 313, 83 A. 2d 688 (1951).

Secondly, it appears that the children are as happy and secure in their present circumstances as can be expected. They are well oriented in the school and social life of which they have become a part since joining their father in January 1962. They have adjusted well to their paternal grandmother; and their father devotes a goodly amount of time and attention to them. We are satisfied from the record that their present home life promises a continuation with reasonable certainty, for the foreseeable future, of the general well-being which the children presently enjoy.

Thirdly, there can be no guarantee that the plaintiff's new marriage will be successful or that Mr. Murray will be able to take a father's place in the lives of the girls. Unquestionably, there is more certainty of security and harmony for the children in the defendant's present household than in the plaintiff's new home.

Finally, the children have been in three different homes since 1960: the parties' marital domicile; the maternal grandmother's home in Camden; and now the home maintained by the father with the help of his mother. A change of custody now would mean another displacement of the children, uprooting them from the known environment of their present home and moving them into the unknown surroundings of a home to be created by the plaintiff and her present husband when and where his employment becomes settled. This fourth change within five years could be harmful, we think, in its probable disruption of the sense of security and stability so essential to the normal development of children such as are here involved.

Accordingly, we conclude that it is not in the best interest of these children to be removed from their present home at this time. This result is always subject to further review, of course, in the event of substantial change of circumstances.

The judgment of the Superior Court is reversed with instructions to enter an order in accordance with this opinion.

## ON PETITION FOR REARGUMENT

The above opinion contains revisions to meet certain points raised in the plaintiff's petition for reargument. The petition for reargument is otherwise denied.