**In re TWO MINOR CHILDREN.**

Supreme Court of Delaware.

Jan. 14, 1969.

William Prickett, of Prickett, Ward, Burt & Sanders, Wilmington, for appellant.

H. Albert Young and Bruce M. Stargatt, of Young, Conaway, Stargatt & Taylor, Wilmington, for appellee.

WOLCOTT, Chief Justice, CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

This appeal seeks reversal of an order of the Superior Court refusing to terminate visitation rights of an adoptive mother and granting to her the privilege of taking the two children to her home in Connecticut for a week-end visit every other month.

The history of the case is set out in two prior opinions of this Court in 3 Storey 565, 173 A.2d 876, and Del., 231 A.2d 475. As in those opinions, we here refer to the adoptive father as "X," the adoptive mother as "Y," and the present husband of Y as "H."

Our opinion of May 31, 1967, directed an order of visitation limited to one day per month in the State of Delaware. This program has been carried out. Recently, however, Y petitioned the Superior Court for a change on the ground that the plan was not working satisfactorily in that the visits were so widely apart and so limited as to area and time as to make it impossible to establish a harmonious relationship. X then petitioned the Superior Court to terminate all visitations on the grounds that they were upsetting the children and that Y had violated the Court's order. A full hearing was held by the Court below during which the testimony of the children was taken in chambers and made part of the record. We have reviewed the entire record and the findings pursuant to Nelson v. Murray, Del., 211 A.2d 842.

■ On behalf of X, it is argued that the Court below had no power to change the prior order because it was thereby altering an order of this Court. This contention is untenable because all orders of visitation are necessarily subject to change as circumstances may require.

■ The episode alleged to be a violation of the prior order occurred in this manner: during a visitation, Y took the children to a relative's home for lunch. She then suggested that they attend a movie in Newark and the children agreed. The relative offered to have her chauffeur drive them to Newark because he was better acquainted with the roads. After they had started, he mentioned that it would be better for them to travel a certain route because there would be a large volume of traffic on the road usually used. Y agreed but said, "I hope it doesn't go into Pennsylvania." He replied that at one point the road did cross over the Pennsylvania line for a distance of about 300 yards, whereupon she said to the children, "If you want to keep peace, you don't have to mention this to your father." The argument is that this episode not only violated the order that her visitations be limited to Delaware, but also demonstrates her unfitness to have them because her remark would tend to create in the children's minds a lack of respect for truth and observance of the law. The trial Judge found that the whole episode was a matter *de minimis* and declined to attach any special significance to it. We cannot say that the trial Judge was wrong in this respect.

■ The Court below found that the present plan of visitation was unsatisfactory, was not operating for the best interests of the children, nor was it succeeding in creating a harmonious relationship between them and Y. There is ample evidence to justify that conclusion and we accept it.

■ The new plan ordered by the trial Judge permits Y to take both children for a week-end every other month to the home of herself and H at a boys' preparatory school in Connecticut. The daughter strongly objected to this idea; indeed, a careful reading of her testimony convinces us that she is adamant in desiring to terminate all visitations. Although her desires were stated in polite language, we are convinced that she is determined to make no real effort to reach a friendly understanding with Y. She is presently fifteen

or sixteen years of age, and by this time is capable of understanding the situation and of making her own decision in the matter. In short, we think it is useless, indeed impossible, to force the daughter to continue visitations under the circumstances. The record of the past year leaves no doubt that such compulsion will be detrimental to her and serve only to strengthen her determination to have as little to do with Y as possible; on the other hand, the very fact that she is no longer under such a mandate may conceivably result in a more friendly attitude on her part towards Y. The order of the Court below will accordingly be reversed as to the daughter.

With respect to the son, however, the situation is different. He is two years younger than his sister. His testimony, while it indicates a lack of interest in seeing Y, nevertheless does not impress us as being nearly so positive as that of his sister. Time spent by him at Y's home at the preparatory school, where there are boys of his own age, should prove interesting and beneficial. The trial Judge did not consider that visitations have had, or will have, any ill effect upon him—a conclusion fully justified by the evidence. Moreover, experience of the past months suggests no reason to anticipate any failure of Y to live up to the terms of the order. We see no adequate reason to hold that the trial Judge's order was wrong so far as the boy is concerned.

We do not overlook appellant's suggestion that visitation rights ought not be granted as to one child alone. Although we agree that it might be better for the visitations to include both children, we think we should not refuse visitation rights for one child simply because the other will not participate. In this connection, we emphasize the fact that no holding has been made which forbids the daughter from accompanying her brother if she is willing to do so; in fact, we express the hope that she will voluntarily, from time to time, join in the pattern set for her brother.

The order below will be reversed as to the daughter and affirmed as to the son; and the cause is remanded for the entry of an order, and such further proceedings as may be deemed appropriate, consistent herewith.

WOLCOTT, Chief Justice (dissenting):

I do not agree with the conclusion reached by the majority of this Court for two reasons. First, I think it is a grave mistake to treat the two minor children differently with respect to visitation with their adoptive mother. Second, while I agree that the limited right of visitation heretofore provided has not worked out satisfactorily, I think it entirely possible that this is because of the strict limitations placed upon the right.

The right of visitation was limited to the State of Delaware. In so limiting it, we inadvertently deprived Y, the adoptive mother, of the ability to take the two children to her mother's home which is situated a short distance from the Delaware line in Pennsylvania. The result was that it was necessary for Y to take the children to the home of a friend of hers which, partially at least, prevented the establishment of a family environment.

It would seem far better to me to modify the present order of visitation to permit the taking of the children to the home of Y's mother in order to have the visitation in a family atmosphere.

For these reasons, I would reverse the order of the court below granting permission to take the children to the State of Connecticut, and permit Y to take them on her days of visitation to the home of her mother in the State of Pennsylvania. If, after a reasonable trial period, this expanded visitation proved to be unsatisfactory, then the matter could be re-examined.