**HUSBAND, E. A. W., Plaintiff Below, Appellant,**

v.

**WIFE, L. W., Defendant Below, Appellee.**

Supreme Court of Delaware.

June 23, 1971.

L. Vincent Ramunno and Lawrence F. Hartnett, Wilmington, for plaintiff below, appellant.

Henry N. Herndon, Jr., of Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice:

The husband, appellant herein, filed a divorce suit in Superior Court, alleging incompatibility. The wife contested the application. The trial Judge, in a letter opinion, held that the husband had failed to prove by a preponderance of the evidence that there was no reasonable possibility of reconciliation, as required by T. 13 Del.C. § 1522(12).

In this appeal, the husband challenges the finding of the trial Judge. He also says that error was committed by the refusal of the trial Judge to permit him to call two witnesses in rebuttal. This ruling was based upon the fact that the husband's counsel had not included the names of those persons in his answer to an interrogatory asking for the names of people who had knowledge of the facts.

■ On the record before us, there was ample testimony to justify the finding that plaintiff had not sustained his burden of showing no likelihood of reconciliation. We find no error in that respect.

■ Appellant's second complaint causes considerable more difficulty. The record does not show precisely what testimony would have been given by the two persons named because a full offer of proof was neither requested nor made. As to one of them, such an offer would have been superfluous, however, because several questions asked of appellee on cross-examination clearly show that this witness was expected to testify that appellee had made statements directly in conflict with her testimony concerning the likelihood of a reconciliation. It is quite possible, therefore, that her testimony, had it been admitted, could have caused a different conclusion on this vital point. Counsel explained the absence of this witness's name in the answers to the interrogatories by stating that he himself had not learned of her identity until about an hour before the trial commenced. He stated that his client had expected to produce certain other witnesses who eventually refused to come, but that this neighbor finally agreed to be present. In any event, when the trial Judge sustained appellee's objection, the appellant's counsel asked for a continuance, which was denied. Counsel then stated that there was no need for him to call the other witness who was waiting to testify, because the Court would make the same ruling as to that person.

We agree that the Rules of Court ought to be observed, but there are times when allowances must be made. In the present case, we see no reason why any disadvantage to the appellee caused by opposing counsel's oversight could not have been alleviated by continuing the hearing to a time later in the day or to some other day, giving appellee's counsel the opportunity to either interview those witnesses or take their depositions. Such a course would have been far preferable to the one followed by the trial Judge. The only error made by counsel for appellant was his failure to inform his opponent immediately of the discovery of those witnesses; the minimal inconvenience caused by the oversight did not justify penalizing appellant to the extent of preventing him from fully proving his right to a decree, if he could do so.

In our opinion, the action of the trial Court constituted an abuse of discretion requiring vacation of the judgment and the granting of a new trial. This holding is supported by respectable authority. See Young v. Saroukos, Del.Supr., 189 A.2d 437 (1963); Halverson v. Campbell Soup Company et al., 374 F.2d 810 (7 Cir. 1967); The Washington Hospital Center v. Cheeks, 129 U.S.App.D.C. 339, 394 F.2d 964 (1968).

Reversed and remanded for new trial.