**HUSBAND W., Plaintiff Below, Appellant,**

v.

**WIFE W., Defendant Below, Appellee.**

Supreme Court of Delaware.

June 2, 1972.

L. Vincent Ramunno and Lawrence F. Hartnett, Wilmington, for plaintiff below, appellant.

Henry N. Herndon, Jr., Morris, James, Hitchens & Williams, Wilmington, for defendant below, appellee.

Before WOLCOTT, C. J., and CAREY and HERRMANN, JJ.

PER CURIAM:

In this divorce action brought upon the ground of incompatibility, 13 Del.C. § 1522 (12), the Trial Court held that the plaintiff failed to sustain his burden of showing no reasonable possibility of reconciliation as of the time of the second trial on October 8, 1971.

The first trial, held on July 24, 1970, produced the same result. Upon appeal, that judgment was reversed on other grounds and the cause was remanded for new trial. See Del., 280 A.2d 714.

■ Upon the re-trial, the issue of incompatibility was submitted on the evidence of the first trial; the issue of likelihood of reconciliation was re-tried. The issue of likelihood of reconciliation is governed by the facts and circumstances existing at the time of the second trial.

We find clearly erroneous the deduction of the Trial Court that the evidence was insufficient to show the unlikelihood of reconciliation as of the date of the second trial. Nelson v. Murray, Del.Supr., 211 A. 2d 842, 844 (1965).

■ The undisputed evidence as of the date of the second trial shows: the parties had been separated and living apart for almost one and a half years; recurrent violent quarrels involved the police and the Family Court on numerous occasions to the extent that on October 7, 1970, a Judge of that Court remarked about the frequency of the difficulties and, on December 30, 1970, the same judge stated "it is obvious that the marriage is finished and they are incompatible"; the defendant put lye in the plaintiff's food; she tried to stab him with an ice-pick or knife; she threw a brick through a window in a fit of temper; the plaintiff locked the defendant out of the house on a cold, winter day; he hit her over the head with a chair, hospitalizing her, and then presented the repaired chair to her as a souvenir; he hit her over the head with two other chairs on other occasions; he kicked her; he threat-ened her with a piece of iron; and he threatened to burn the house down.

In the light of that marital history, it is not surprising that, as of the second trial, when asked about the likelihood of reconciliation, the plaintiff testified: "No, sir, in no way, shape, or form"; and that, in response to the same question the defendant testified, in the probable understatement of the week: "I don't know if we could [reconcile] or not".

\*    \*    \*    \*    \*    \*

Reversed and remanded with direction to grant the decree of divorce.