# Commonwealth ex rel. Keller, Appellant, *v.* Keller.

*Parent and child—Habeas corpus to secure custody of a minor child.*

On a petition for a writ of habeas corpus to secure the custody of a minor child, the question to be determined by the court is what is required for the best interest of the child. Ordinarily the needs of a child of tender years are best served by the mother who, in the common experience of mankind, is better fitted to have the charge of it, although there are cases where the contrary appears. Where there is sufficient evidence to establish the fitness of the mother, the welfare of the child will be promoted by giving it to her, and an order committing it alternately to both parents will be reversed.

The court may require security to insure the return of the child to the jurisdiction and the compliance with its order.

Argued March 17, 1927. Appeal No. 24, March T., 1927, by relator, from judgment of C. P. Snyder County, December T., 1926, No. 20, in the case of Commonwealth of Pennsylvania, ex rel. Florence Olivia Keller, v. Harry Stauffer Keller. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Writ of habeas corpus to secure the custody of a minor child. Before POTTER, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered the following decree: After due and careful deliberation, for the present, we have decided to alternate the custody of this child, Helen Suzanne Keller, between her mother and her father for periods of six months each. The father, Harry Stauffer Keller, is directed to deliver her into the care of and at the residence of the mother, Florence Olivia Keller, on December 1, 1926, she to retain the custody of her for the period of six months from that date, at the expiration of which, on June 1, 1927, the

mother, Florence Olivia Keller is directed to deliver the child into the care of and at the residence of the father, Harry Stauffer Keller, for a period of six months, and thus to alternate from that time on for periods of six months each. Each of the parties hereto, as well as the grandparents, to be permitted to visit the child on the afternoon of each weekly Tuesday and Friday, each visit to be of two hours in length if they so desire. The child not to be taken by any one beyond the jurisdiction of this court without permission being given by us so to do. This is to be a continuing order, and this child and her care and custody to be under the supervision of this court. This order to be revocable upon our being satisfied that either party is not performing their full duty, or at any other time we deem the best interests of the child demand it. The personal care of each party to be given the child while it is in each of their care and custody.

The costs of these proceedings to be equally borne by each of the parties thereto. Relator appealed.

*Error assigned* was the decree of the court.

*Richard H. Klein,* and with him *Knight & Taggart,* for appellant.

*Charles P. Ulrich,* and with him *A. Francis Gilbert,* for appellee.

Opinion by Trexler, J., April 22, 1927:

This is a contest between wife and husband as to which shall have the custody of the infant daughter, born, October 12, 1924. The parties were married when he was a student at State College. She was fifteen years of age. They have not been very successful in their married life and are now separated, he

COM. ex rel. KELLER, Appel., *v.* KELLER.      359

357, (1927).]                Opinion of the Court.

living with his parents and she with her mother and step-father. The court made an order awarding the custody of the child alternately for a period of six months to each of the two parties.

The court must have regarded both parties as proper persons to have the child, else it would not have awarded the custody of the child to each of them alternately. This being so, it follows, other things being equal, that the child owing to its tender years, being but two and a half years old, should be given to its mother.

It has been the usual practise in Pennsylvania ever since the case of Commonwealth v. Addicks, 5 Binney, 519, where no reason appears to the contrary, to commit a child of tender years to its mother. See P. & L. Digest of Dec. Vol. 15/25130, where a number of cases are cited. A full discussion of the subject appears in Com. v. Hart, 14 Phila. 352. The rule is not a rigid one and is not observed where the welfare of the child is not promoted by adherence to it. Ordinarily, the needs of a child of tender years are best served by the mother who, in the common experience of mankind, is better fitted to have the charge of it, although there are cases where the contrary appears. It certainly will do this child no good at the expiration of every six months to remove it to another home and change its environment. The paternal grandparents would probably have different rules in the control of the child than the mother, for when the mother and child lived with them, one of the causes of discord was that the grandparents were over-indulgent and adverse to employing methods which were both for the good of the child and of the mother. Furthermore, we have carefully read the testimony and are convinced that if there is any preference to be given to the parties aside from the fact that the mother is the natural guardian for an infant, it should be given to

her. The testimony of the husband did not impress us. As to the other matters introduced into the case, as throwing light on the fitness of the contending parties, the wife and her mother appear in a favorable light and are corroborated by disinterested witnesses. Upon the merits of the case, apart from the presumption in favor of the wife, we feel the best interests and permanent welfare of the child will be promoted by giving the mother the custody.

The lower court directed that the child should not be taken by anyone beyond the jurisdiction of the court without permission being given by it to do so. If the court is desirous of having the right of the father and grandparents to visit the child preserved and fears that a permanent removal from the county might deprive them of it, we suggest that the way indicated in Com. v. Strickland, 27 Pa. Superior Ct. 309, and Deringer v. Deringer, 10 Phila. 190, be followed and a bond be exacted requiring the mother to produce the child at such times and places as the court may thereafter direct. We infer from what was said at the argument that the mother is able to furnish such bond.

The order of the lower court is reversed and the record is remanded with the instructions that the court award the custody of the infant to its mother with like provisions as to the right of the father and paternal grandparents to visit it as are contained in the former order. Appellee to pay the costs.