Commonwealth ex rel. Lamberson *v.* Batyko et al., Appellants.

Argued April 16, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

390 

*Walter E. Glass,* for appellants.

*C. C. Greer,* with him *Greer & Greer,* for appellee.

OPINION BY RHODES, J., July 19, 1945:

This is a habeas corpus proceeding to obtain the custody of relatrix' daughter, Carol Jean Yuran, who was then about six and one-half years old. An answer was filed to the writ by respondents, Gezella Batyko, a sister of relatrix and aunt of the child, and George Batyko, her husband. The court below, after hearing, awarded custody of the child to the mother, the relatrix. The respondents have appealed from the order of the court below. The child's mother and father were divorced, and they were living apart prior to the birth of the child. Relatrix and her child lived with her mother and respondents while she was locally employed in the city of Johnstown. Subsequently relatrix secured employment in Detroit, Mich.; she corresponded with her mother, and from time to time sent money to be applied to the maintenance of the child. On several occasions she returned to Johnstown to visit in her mother's home, and on one occasion her mother and the child visited relatrix in Detroit from July to September. The child's grandmother died on March 17, 1944. Relatrix married Charles A. Lamberson on December 21, 1942, and lives with him in Wyandotte, Mich. Relatrix sought to secure custody of her child before and after her mother's death. Respondents refused to surrender the child, and a writ of habeas corpus was obtained and this proceeding followed.

Both relatrix and respondents are fit and proper persons to have the custody and care of the child, and

are able to provide for its support. We think the child would receive proper attention and be well reared if it continued to reside with respondents; the same may be said of relatrix, the mother of the child, to whom possession was given by the court below. With either the child will have a suitable home near schools and churches.

Generally the parent has the right to the custody and care of her infant child. This right will be denied or qualified only to the extent that the welfare and permanent interest of the child would be more secure elsewhere. Unless compelling reasons appear to the contrary, a child of tender years should be committed to the care and custody of its mother by whom the needs of the child are ordinarily best served. *Com. ex rel. Keller v. Keller*, 90 Pa. Superior Ct. 357, 359. This is true although others who have been suitable custodians of the child have become attached to it. *Com. ex rel. Miller v. Barclay et ux.*, 96 Pa. Superior Ct. 315. Recognizing the situation, the court below was moved to say: "The mother is a fit person to have control and custody of her child and is financially able, through her husband's earnings, to give the child a proper home, and there is no reason in law why she should not have the custody of her own flesh and blood."

The testimony is extensive, and in some respects it is conflicting. The Act of July 11, 1917, P. L. 817, §1, 12 PS §1874, requires us to consider the testimony and make such order upon the merits of the case as to right and justice shall belong.

We are convinced that relatrix never forfeited by her conduct the right to the custody and control of her child. There was no abandonment, as argued on behalf of respondents, or other act on her part which should preclude her right to the custody thereof. "Abandonment may occur ...... by conduct evincing a settled purpose to forego all parental duties and relinquish all parental claims": *Hazuka's Case*, 345 Pa. 432, at page

435, 29 A. 2d 88, at page 89. Abandonment involves more than mere temporary absence or even temporary neglect of parental duty. "To abandon is totally to withdraw ourselves from an object; to lay aside all care for it; to leave it altogether to itself": *Pidge v. Pidge*, 44 Mass. (3 Metc.) 257, 265; 1 Words and Phrases (Perm. Ed.) 4. The fact that the relatrix permitted the child to remain with the grandmother or respondents for a time did not constitute abandonment. It is not uncommon or unusual for a mother to have her child remain with the grandparents or other relatives while she is employed or establishing a home elsewhere. In our judgment, the mother is a competent and proper person to care for her child, and we find no substantial basis in the record for depriving her of its custody. In such circumstances, the fact that relatrix may take the child from Pennsylvania to her home in Michigan to care for it is not controlling. *Com. ex rel. Black v. Black et al.*, 79 Pa. Superior Ct. 409, 411.

After reviewing the proceedings as provided by the act, we have come to the conclusion that the welfare of the child will be best conserved by allowing the order appealed from to remain undisturbed.

The appeal is dismissed, at the costs of appellants.