Commonwealth ex rel. Miller, Appellant, *v.*
Wagner et ux.

Argued March 12, 1947. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Michael Kivko* and *Clair Groover,* for appellant.

No one appeared or filed a brief for appellee.

OPINION BY ROSS, J., April 16, 1947:
This is a habeas corpus proceeding involving the cus-
tody of a three-year-old boy, the contesting parties being
the father and the maternal grandparents. The court
below awarded custody of the child to the grandparents
"until he reaches school age", and the father has ap-
pealed to this court. Although there were two writs and

two identical orders entered by the court below, we shall treat them as one proceeding.

The child, Mahlon A. Miller, was born on December 4, 1943, his mother dying in childbirth. On December 12, Mahlon was taken from the hospital to the home of his maternal grandparents, the Wagners, in Lewisburg, Union County, and has since resided with them. The father, Kenneth L. Miller, was inducted into the United States Army on February 14, 1944, and continued in active service until he was discharged in November 1945. During the time he was in service, at his request, an allotment of his pay was made to the respondents for the support of the child. He remarried in August 1945 and is now residing with his second wife in San Angelo, Texas, where he is steadily employed by the United States Government at a salary of $160 a month, with a permanent civil service rating calling for regular increases. After he had secured this employment in San Angelo, the father, accompanied by his present wife, came to Lewisburg and, when his request for possession of the child was refused by the Wagners, filed his petition for a writ of habeas corpus. After hearing, the court below ordered "That the child remain with its maternal grandparents, Alviah Wagner and Margaret Wagner, his wife, until he reaches school age and, at that time, if the natural father, Kenneth L. Miller, wants the child, they shall deliver the child to him without the necessity of any court proceeding. . . . He is the father's child and, at six (6) years of age, the father can go there and take that child."

The fitness of the appellant to have custody of his child is not questioned and the court's order finds in effect that he is. The testimony discloses no reason why his legal right as a parent to have custody of his child (*Com. ex rel. McTighe v. Lindsay*, 156 Pa. Superior Ct. 560, 40 A. 2d 881) should be forfeited. It is in evidence that the appellant and his present wife have a suitable home and the wife testified that she is "more than will-

ing" to help provide a home for Mahlon. The fact that the home is in another state is not controlling. *Com. ex·rel. Lamberson v. Batyko et al.,* 157 Pa. Superior Ct. 389, 43 A. 2d 364.

We have considered the testimony as we are required to do (Act of July 11, 1917, P. L. 817, sec. 1, 12 PS 1874), and it is our opinion that the best interests and permanent welfare of the child will be served by awarding custody to the appellant.

The decree of the court below is reversed and the record remitted with instructions to enter a decree transferring immediate custody of the child to his father.