Commonwealth ex rel. Gates *v.* Gates, Appellant.

Argued October 2, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*J. Perry Eckels,* with him *Charles B. Stegner,* for appellant.

*Gerald D. Prather,* with him *Edward J. McDonald* and *Kent & Kent,* for appellee.

OPINION BY HIRT, J., November 12, 1947:

In this habeas corpus proceeding the lower court awarded to the relatrix the custody of her four-year-old son subject to the right of the respondent, the father, to take the child for limited periods at proper times. He contends that his wife is not a proper person because of her conduct, and that the interests of the child will be best subserved by an award of its custody exclusively to him. The order will be affirmed.

These young people were married in 1940. They lived in an apartment in Titusville over a garage owned by

respondent's father prior to March 1944 when respondent was inducted into military service. Relatrix with her child then returned to the home of her parents in Titusville. During the period of respondent's military training, relatrix spent several months with him in Wisconsin and in Florida. They got on well together up to the time he was sent over seas in March 1945. Relatrix was employed during the day and while her husband was abroad she developed a taste for the entertainment provided by night clubs. She frequented clubs in Titusville, and, occasionally, other places where liquors were served, two or three evenings each week. While there, however, she was always in the company of respectable married couples or with her relatives, or with the women of her bowling team and there is not the slightest evidence that she was ever improperly interested in other men. She drank liquor, though not to excess, but habitually on these occasions she did not return to her home until after midnight. On respondent's discharge from the army in March 1946, he rejoined his wife in their apartment. Over his protests she continued to go to clubs and drinking places two or three nights weekly. He went with her twice, but left her there with others on each occasion, after remaining but a few minutes. He and his family are teetotalers; they are estimable people and it is a matter of principle with them. When relatrix persisted in frequenting drinking places respondent excluded her from the apartment and changed the locks. He then went to live with his parents and took the child with him. He has brought an action in divorce. While the conduct of relatrix may not be condoned, the respondent is not entirely blameless for the strained relationship between them. Their differences are such as well might be reconciled.

We are not called upon to decide which of the parents is the more to blame for the present failure of their marriage. We are concerned only with the welfare of their child. In general, the needs of a child of tender

years are best served by its mother and unless compelling reasons appear to the contrary, such child should be committed to the care and custody of its mother. *Com. ex rel. Lamberson v. Batyko,* 157 Pa. Superior Ct. 389, 43 A. 2d 364. The order in this case is justified on that principle alone. Every witness, who testified on the subject, conceded that relatrix is a devoted mother and that the child has always been well cared for. The home of her parents is a proper place; they too are attached to the child and are able and willing to provide whatever care is necessary in the absence of relatrix.

The order for the present is clearly in the best interests of the child. Whether the arrangement should continue indefinitely into the future without some enforced change in the mother's nocturnal habits will be for the lower court to determine.

Order affirmed at appellant's costs.