Commonwealth ex rel. Levinson *v.* Levinson,
Appellant.

Argued March 22, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Charles E. Kenworthey*, with him *Arlin M. Adams, Joseph X. Yaffe* and *Schnader, Kenworthey, Segal & Lewis*, for appellant.

*Joseph E. Gold* and *Bernard L. Lemisch,* with them *Alfred I. Ginsburg* and *Paul M. Chalfin,* for appellee.

OPINION BY HIRT, J., June 22, 1948:

This proceeding is a contest between parents for the custody of their seven-year-old daughter. The parties were married in 1939, separated two years later, and divorced in 1945. Since the separation, the mother has had custody and early in 1945 placed the child in Montessori School—a private boarding school—in Bucks County. The cost of maintenance was met in part by the father, from payments under a court order, and by the mother from her earnings as a beautician. Beginning in October 1946, the father, as a result of a conference with a representative of the court, assumed the entire cost of maintenance. The child remained a resident pupil in the school, subject to visitation by the parents during alternate week ends, until June 1947, when the father took the girl to his home and refused to return her to the school. When the mother asked leave to talk to the child she was referred to respondent's lawyer. Her request to have the child over the following week end also was refused. She then brought this habeas corpus proceeding. After full hearing on July 2, 1947, it was ordered that the custody of the child remain in relatrix, subject to the right of respondent to have the child during vacation periods and at other reasonable times. He was ordered to pay $20 weekly for the child's support. Within a month the father petitioned for a rehearing and modification of the order. Testimony was taken on September 26, 1947, whereupon Judge SHMIDHEISER, who had also heard the parties originally, affirmed the prior order with this comment: "I am going to leave the situation as it is, the custody of the child to remain in the mother and at the present time the child is to remain as a student at the Montessori School, the mother to be given a suitable opportunity to provide a suitable home for the child. I shall review the matter sometime during

the month of January" 1948. Regardless of the listing of the proceeding for further hearing, the court, in its opinion as filed, treated the disposition of the matter on July 2, 1947 as the final order.

In a dispute between parents of a minor child it is for the court to decide in its sound discretion to which, if either, the custody of the child shall be committed "regard first being had to the fitness of such parent and the best interest and permanent welfare of said child." Act of June 26, 1895, P. L. 316, 48 PS 92. This has always been the rule; the paramount consideration is the welfare of the child. *Hixon's Appeal,* 145 Pa. Superior Ct. 33, 20 A. 2d 925. Our duty in this appeal is to consider the testimony in the light of all relevant circumstances and to dispose of the case as to us appears just. Act of July 11, 1917, P. L. 817, §1, 12 PS 1874.

Relatrix is a proper person, of unquestioned character, fit in every respect to be entrusted with the custody of her daughter. She is passionately fond of the child and its welfare is her first concern. Her contributions to the cost of the child's support in the boarding school, over a period, were made at some sacrifice to herself. Obviously, there are some disadvantages in the present arrangement. She has no means of support other than the wages of her employment. She has not remarried and lives alone in a small apartment in Philadelphia. She has been financially unable to set up a home for herself and the child. From necessity she was obliged to place the child elsewhere. She, however, was discriminating in her choice of Montessori School. It is an excellent institution, efficiently managed, and the basic needs of the child are well supplied there. But the best of institutions is not a fair substitute for even an average home, where the child's needs are the subject of direct parental concern. Maintenance in a school as in this case cannot be justified as a final solution of the problem involved.

In a comparison of resources, the advantage is with the respondent. His present wife is a doctor of medicine, in active practice under the name of Dr. Isabel Roe. Following their marriage in 1946, they together purchased a rooming house on St. James Street in Philadelphia and adapted it to their uses. The whole of the first floor is occupied by Dr. Roe for professional offices and treatment rooms. Their residence is on the second floor. They have set aside a room on the third floor for the child and have furnished it attractively. There are living quarters in the basement which are occupied by a butler and a housekeeper who buy the household supplies, prepare and serve the meals and perform all other house work. Respondent's wife is a busy person in her medical practice and respondent's work as a salesman takes him from his home. Dr. Roe has a registered nurse in attendance in her office whose duties under the terms of employment include caring for the child while in repondent's household. Application had been made for admission of the child to Friends Select School in Philadelphia and if custody of the child is awarded to respondent it is contemplated that she will attend that excellent school as a day pupil.

The weakness in respondent's case for custody of the child is that the advantages offered are for the most part physical. If placed with respondent, the danger is that the child will be weaned away from its mother by the competition in material respects which she cannot meet. That there is some ground for the mother's fear in that respect is indicated by the fact that since enjoying the comforts available in respondent's home the child addresses Dr. Roe as "mama" and refers to relatrix as "Gloria". Courts have always recognized the propriety of committing a child of tender years, in its best interests, to its mother. *Com. ex rel. Keller v. Keller*, 90 Pa. Superior Ct. 357. There are circumstances which may make it necessary to ignore a mother's claim. But the relatrix here should not be deprived of the

custody of her child merely because a better home in physical aspects, or a higher standard of living, can be provided elsewhere. Cf. *Com. ex rel. Crilley et al. v. Laird,* 160 Pa. Superior Ct. 132, 50 A. 2d 542. It is against public policy to destroy or even to limit the relation of parent and child except for adequate legal reasons. *Com. ex rel. Manning v. Manning,* 89 Pa. Superior Ct. 301.

It is our judgment that the best interests of this child require that a normal relationship with relatrix be maintained. The services of a butler, a cook and a trained nurse in respondent's home differ only in degree from what the child receives in Montessori School. This young girl needs its mother and if at all possible a common home should be provided for them. We find ourselves in agreement with the viewpoint of Judge SHMIDHEISER as evidenced throughout the proceedings in this case. At the close of the last hearing he stated: "We are not necessarily agreed that this child would be better off in this particular home with the father and stepmother. I do say [that the child would be better off] in a home, certainly, but I am not considering that as a proper place at the present time." The purpose of listing the case for further hearing was to give the mother an opportunity to provide a home for the child "or to take steps to make provision for such home". Perhaps the respondent with his financial resources might be in position to contribute to that end.

It is our judgment that the question of the ultimate custody of the child should not be decided until after such hearing, to explore the possibility of a home for the child outside of a boarding school without the danger of destroying or limiting the influence of relatrix in the development of the child.

The orders in this case are treated as interlocutory and the matter is remitted for disposition after further hearing.