Opinion by
Hirt, J.,
In this habeas corpus proceeding, a contest between parents for the custody of their two-year old daughter, the lower court properly awarded the child to its mother.
Relatrix had been mistreated by her husband and the separation occurred on.May 22, 1949, when he ex- *531 eluded her from their common home. He then took the child to his mother’s home in Philadelphia where he has been living since that date. Following the separation the relatrix went to live with her sister in Philadelphia; she intends to remain there until she is able to arrange for more suitable quarters elsewhere.
Although a mother’s right to custody is not absolute, courts have always recognized the propriety of committing a child of tender years to its mother. It is only for compelling reasons that the mother’s right must yield to the best interests and welfare of the child. Com. ex rel. Keller v. Keller, 90 Pa. Superior Ct. 357; Com. ex rel. Oliver v. Oliver, 165 Pa. Superior Ct. 593, 69 A. 2d 445. Here it is conceded, as it must be, that the relatrix is a devoted mother and is a proper person in every respect to be entrusted with the custody of her child. The father, who is also a proper person, contests the propriety of the award of custody to her, on the single ground that there are physical advantages in the home of his parents, where he would like to maintain the child, which are lacking in the house where relatrix now lives. This in itself is not a valid objection to the order. We have said that in general a mother “should not be deprived of the custody of her child merely because a better home in physical aspects, or a higher standard of living, can be provided elsewhere”: Com. ex rel. Levinson v. Levinson, 162 Pa. Superior Ct. 563, 59 A. 2d 625. The only advantage in favor of the home of the child’s grandparents over that of relatrix’s sister, so far as the record' discloses, is in the number of bedrooms. But in either place sleeping accommodations for a child are adequate. The grandmother and the child have had a large bedroom to themselves in the one house. Under the present order the mother and the child together will occupy a bedroom, perhaps somewhat smaller, but their use of it also will be exclusive. The house which the father, can *532 provide as a home for the child may be superior iu other respects to that available to the relatrix. But these considerations cannot outweigh the advantage to an infant child of the care which a mother alone can give. Moreover, we believe the relatrix is sincere in stating that she intends to live with her sister but temporarily and only until she can find employment with an income sufficient to provide adequate accommodations elsewhere for herself and the child. The respondent perhaps might be expected to make some financial contributions toward that end.
The order gives the father every reasonable right of visitation and is proper in every other respect under the present circumstances.
Order affirmed.