## Commonwealth ex rel. Cooper *v*. Cooper, Appellant.

Argued July 19, 1950. Before RHODES, P. J., HIRT, RENO, ROSS and GUNTHER, JJ. (DITHRICH and ARNOLD, JJ., absent).

*A. S. Fingold,* with him *Reuben Fingold* and *Fingold & Fingold,* for appellant.

*C. Joseph Recht,* with him *Herman Recht* and *Recht & Recht,* for appellee.

OPINION BY GUNTHER, J., September 27, 1950:

This is a habeas corpus proceeding instituted by the mother relatrix, to obtain custody from the father, respondent, of Albert William Cooper, the three and one-half year old son of the parties. The court below,

after hearing, awarded custody of the child to the mother and granted visitation rights to the father. The father now appeals from that order. A supersedeas was allowed by the court below so that, pending this appeal, the child is presently with his father.

In cases dealing with the custody of children, we are required, in the exercise of an independent judgment based upon the evidence, to consider the testimony and make such order upon the merits of the case "as to right and justice shall belong". Act of July 11, 1917, P.L. 817, section 1, 12 PS 1874. A most careful examination of the testimony establishes that the best interests and welfare of the child, always the paramount consideration in such matters, will best be served by awarding custody of the child to the mother with rights of visitation in the father.

The parties were married in January, 1945, while the respondent was home on furlough from military service. Relatrix lived with her husband's parents in Gill Hall, Allegheny County. The respondent was discharged from the military service in December, 1945, at which time the parties occupied a three room apartment on the second floor in the home of respondent's parents. The child was born on January 19, 1947. In July, 1949, relatrix and the child went to live with relatrix's mother in Fredericksburg, Virginia. Respondent followed relatrix to Fredericksburg about a month later and after attempting unsuccessfully for approximately a month to secure gainful employment returned to the home of his parents in Allegheny County, taking the child with him without relatrix's knowledge or consent.

Where, as here, the controversy is between the father and the mother in determining which will have custody, it has been held that unless compelling reasons appear to the contrary the needs of a child of tender years are best served by being with its mother, re-

gard being had to the fitness of such parent as well as to the best interests of the child. Act of June 26, 1895, P.L. 316, 48 PS 92; *Commonwealth ex rel. Lucchetti v. Lucchetti*, 166 Pa. Superior Ct. 530, 72 A. 2d 617; *Commonwealth ex rel. Levinson v. Levinson*, 162 Pa. Superior Ct. 563, 59 A. 2d 625; *Commonwealth ex rel. Derr v. Derr*, 148 Pa. Superior Ct. 511, 514, 25 A. 2d 769; *Commonwealth ex rel. Lamberson v. Batyko*, 157 Pa. Superior Ct. 389, 43 A. 2d 364. This rule has been applied even where the father is able to supply superior physical surroundings and advantages to the child. *Commonwealth ex rel. Levinson v. Levinson*, supra; *Commonwealth ex rel. Pukas v. Pukas*, 164 Pa. Superior Ct. 488, 66 A. 2d 315.

The testimony establishes that the mother is a fit person to have custody of her child; that the environment in which the child will live is conducive to his normal growth and development. The child will reside with his mother in a cottage owned by the maternal grandmother in Fredericksburg. The home, located in an urban town, contains two bedrooms, living room, kitchen and bath, and utility room. While the mother is gainfully employed through the day, the maternal grandmother will look after the needs of the child; that the mother's employment is approximately six blocks away from home. The home is adequate, well furnished and well kept, and is close to adequate educational and religious institutions so that the child will be able to receive proper training.

Whether the child is awarded to the mother or the father, the testimony indicates that, since both parents work, the respective grandmothers would have charge of the child during most of the day. Our independent examination of the evidence discloses that in either event the child would be in competent and devoted hands. Both grandmothers are of good reputation, wholesome and willing to care for the child during the

working hours of the parents. Likewise, from an economic viewpoint, there is little or no difference between the advantages afforded by either environment. Both the father and the mother are gainfully employed and able to support the child. There are, however, some disadvantages in the environment of the father's home, namely, that the home is in a rural district and a great distance from schools and a church; that there is some indication that his home is presently somewhat crowded by the fact that five persons, four of them adults, are living in the home. There is evidence to support a finding that the father, too, is a fit person, yet we are constrained to conclude that the child's best interests and welfare will best be served by awarding custody to the mother.

Respondent complains that the child will be removed to a home outside of this jurisdiction. That factor is not controlling. Cf. *Commonwealth ex rel. Miller v. Wagner*, 160 Pa. Superior Ct. 536, 52 A. 2d 235; *Commonwealth ex rel. Lamberson v. Batyko*, 157 Pa. Superior Ct. 389, 43 A. 2d 364. And to insure that respondent's rights will be preserved, in that respect this is a proper case in which a bond should be required of the relatrix in an adequate amount, with sufficient surety to be approved by the lower court, for compliance with the order and for the return of the child to the jurisdiction of the court whenever so directed by the court.

There is no merit to respondent's complaint challenging the erroneous statement of the court below that custody was awarded to the mother ". . . because we believe in the superior rights of the mother, unless she is shown to be unworthy or that she has abandoned the child". A reading of the testimony and the opinion indicates a clear understanding that the best interests and welfare of the child were the paramount issues to be determined. The language complained of was an un-

fortunate and misleading way of saying that the mother's rights were superior, in the circumstances disclosed, because the best interests and welfare of the child would be promoted by her maternal care and nurture.

Order affirmed as modified.