# Commonwealth ex rel. Chumard *v.* Chumard, Appellant.

Argued November 20, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Milford J. Meyer,* with him *Norman H. Abrahamson,* for appellant.

*Leigh B. Maxwell,* for appellee.

OPINION BY DITHRICH, J., January 12, 1951:

As stated in the opinion of the learned president judge of the court below: "This matter is now before the Court on a petition to amend and revise, or change, a previous court order made in this case.

". . . on September 18, 1948, . . . after hearing testimony in the matter it was agreed by the parties and

their counsel that the Court should make an order awarding the custody to the mother, Ellen M. Chumard, with the privilege to the father, Howard Chumard, to have the child each Sunday. It was also agreed that the child should not be removed from . . . Wayne County. Sometime later, during January, 1949, the parties appeared before the Court at an informal hearing and agreed that it would be a hardship for the child to be taken by its father each Sunday and the mother was permitted to live with her parents just over the border of Wayne County, at Forest Lake, where they were caretakers for the Forest Lake Club. . . . by agreement at that time, the father was to have the custody of the child for one week and the mother to have the custody for three weeks. This was agreed upon by the parties . . . with the permission of the Court and this has been carried out ever since, although the change of order was never reduced to writing. However, the parties have abided by said agreement and for the past year and a half this arrangement has been carried out.

"In September, 1949, the parties again appeared in court, either in person or by their attorneys, and asked permission of the Court for the child to live with its mother at Buck Hill Falls, Monroe County, where the mother was employed as a waitress at the Inn." Since then the child has spent three weeks with its mother at Buck Hill Falls and one week with its father in South Canaan, Wayne County.

The court continued: "The petition of Howard Chumard sets forth that the mother has violated the court order by removing the child from Wayne County . . . The allegation . . . is without merit, as the child was never moved without permission of the Court and notice to the father."

Before hearing testimony on the present petition the court said: "I believe this is merely a hearing to amend

a court order on the grounds that conditions have changed since the prior order was made," to which counsel for the parties agreed. Notwithstanding the agreement and despite the fact that the prayer of the petition was that the former decree be reviewed *"under the circumstances existing at the present time,"* counsel offered in support of the allegation in the petition that "the mother of the child is not a proper person or a fit person to have the custody," evidence to prove that she had been guilty of misconduct which had taken place prior to the former hearing. (Italics supplied.) The offer was objected to and the objection sustained. In commenting on his ruling the learned president judge said: "There is no evidence before us in this present hearing that the mother's conduct is in any manner immoral or improper, and we refused to permit testimony as to happenings prior to September 1948, because these matters were all adjudicated and considered in that hearing . . ." We adopt the lower court's ruling and reasoning in respect thereof.

After such independent review as we are required to make (see *Commonwealth ex rel. Pressens v. Siegler,* 167 Pa. Superior Ct. 598, 601, 76 A. 2d 454), it is our opinion that the only evidence in support of the allegation that "conditions and circumstances have changed since the date of the . . . [prior order]" is that on October 4, 1948, a little over two weeks after the entry of the order awarding the custody of the child to the mother, the father was granted an uncontested divorce; that a little over a year later he remarried and now has someone to care for the child. He is 35 years of age and his present wife is 39. She has two children by a former marriage, a daughter now married and a son, aged 11, who lives with his mother and the petitioner. The boy, Kirby Chumard, whose custody the father now seeks, is about four years of age and his mother is 25. We are in accord with the statement of the learned

court below "that the mother should [not] be deprived of the custody of her child of tender years merely because she is compelled to work for a living; nor should the child be deprived of the love and affection of its natural mother and placed in the care of the father and a stepmother." In *Commonwealth ex rel. Gates v. Gates,* 161 Pa. Superior Ct. 423, 55 A. 2d 562, we said at pages 424, 425: "In general, the needs of a child of tender years are best served by its mother and unless compelling reasons appear to the contrary, such child should be committed to the care and custody of its mother. Com. ex rel. Lamberson v. Batyko, 157 Pa. Superior Ct. 389, 43 A. 2d 364." No such compelling reason appears in this case. Cf. *Commonwealth ex rel. Levinson v. Levinson,* 162 Pa. Superior Ct. 563, 59 A. 2d 625, a case very much in point of fact with the instant case.

The learned court below found on sufficient competent evidence, especially that of the Wayne County probation officer, "who has been in close touch with this case ever since its inception," that the present home of the child, where the mother spends part of her mornings, afternoons and evenings, is "an excellent place, where the child was well cared for."

Finally, we are impressed by the statement of the court below that: "We have given this case much time and consideration during the past months and we feel that the best interests of this child are . . . served by him spending the majority of his time with his own mother. In our opinion, the evidence . . . does not warrant a change of the amended order . . . When the boy arrives at the age when he must attend school the present arrangement must [or may] be changed, but until that time we believe it to be for the best interest of the child that the present order remain."

Order affirmed.