Commonwealth ex rel. Blatt *v.* Blatt, Appellant.

Argued November 20, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Archibald M. Matthews,* for appellant.

*Clarence L. Shaver,* with him *Daryle R. Heckman* and *Shaver & Heckman,* for appellee.

OPINION BY ARNOLD, J., March 12, 1951:

This was a habeas corpus proceeding brought by the father against the mother to determine the custody of their two daughters, six and seven years of age.

For many years the parties lived in Somerset, Pennsylvania, and separated on October 13, 1949, when the relator-father left their common home. He freely visited the children and took them to places of amusement. But on October 29, 1949, he abducted them and placed them in the home of his sister in Butler County. He refused to give the mother any information concerning their whereabouts, but she finally located them and brought them back to her home in December, 1949. About six weeks thereafter he sued out this writ. The court below made a valiant endeavor to effect a reconciliation. It sought to accomplish this by an order in March, 1950, awarding custody to the father, but temporary custody to remain in the mother until the last of May; stating that this was done in the hope that they would become reconciled for the sake of the children. This laudable purpose was set at naught by the parties and when the time expired the court awarded permanent custody to the father.

It is, of course, our duty under the statute to consider the testimony and make an order on the merits.[1]

The rule of law has often been reiterated that, in the absence of compelling reasons, the welfare of children of tender age is best promoted by giving custody to the mother. We find no such compulsion here, especially since the parents live in the same town and no question of visitation exists.

The parties and most of the witnesses agree that the parents are very fond of the children, who in turn love both parents.

---

[1] Act of 1917, P. L. 817; 12 PS §1874.

Both of the parents avow their love for the children, but neither will keep the peace for the children's benefit.

Unfortunately the case was tried as though it were a divorce action, and most of the record is given over to relator's complaints as to the conduct of his wife. This was done under the theory that it showed the emotional instability of the mother. However, the quarrels of the parties affected the children on but few occasions, when they occurred in their presence.

The relator was forced to admit that on three occasions he physically abused his wife in their home in the presence of the children. The wife recited numerous other attacks. That this disturbed the children is easily understood. We do not think that this evidence, insofar as affecting the children, demonstrated her emotional instability. Most women are apt to resent being struck in the face; even though married to their assailant. That she became angry and threw things at him is not the subject of wonder, regardless of her aim. Her emotional instability quite often consisted of justifiable anger, for which he was as much or perhaps more responsible than was she. Nor do we regard his conduct as tending to "stabilize" her emotions.

The relator also complains that the mother, on occasions, did not eat breakfast or luncheon with the children, but permitted them to be cared for by servants. However, it is not alleged that their care was inadequate.

The relator offered some evidence reflecting upon his wife's fidelity. This is not too persuasive, but even if true it does not constitute a compelling reason as to children of this age: *Commonwealth v. Addicks*, 5 Binn. 519.

Keeping in mind that orders of custody are temporary and, as we have said, the right of visitation is

not involved, we must disagree with the court below and make the following order:

The decree of the court below is reversed and the custody of Mary Geraldine Blatt and Charlotte Roberta Blatt is hereby awarded to their mother, Geraldine N. Blatt. It is also ordered that said children shall not be removed from the County of Somerset without the consent of the court below.