## Commonwealth ex rel. Shelly, Appellant, v. Sipler.

Argued October 1, 1952. Before Rhodes, P. J., Hirt, Reno, Dithrich, Ross, Arnold and Gunther, JJ.

*Donald B. Smith,* with him *Guy S. Claire,* for appellants.

*Frederick B. Smillie,* with him *Smillie, Bean & Scirica,* for appellees.

Opinion by Arnold, J., December 12, 1952:

This is a habeas corpus proceeding to obtain the custody of Russell George Sipler, a minor child.

Russel K. Shelly and Kathryn Shelly, the relators, adopted Jane Shelly, who later married Lester C. Sipler, one of the respondents. Lester C. Sipler and Jane Sipler, being thus married, adopted Russell George Cox in March, 1949, and the name of the child was changed to Russell George Sipler. Lester C. Sipler and Jane Sipler separated shortly thereafter, and they entered into an agreement that the custody of the child, Russell George Sipler, be in the adopting mother, Jane Sipler, and he surrendered any and all rights to the child except the right of visitation. On the date of this agreement a divorce proceeding had been brought by Lester C. Sipler against his wife,

Jane Sipler, and the marriage was dissolved by decree in the Common Pleas Court of Northampton County on September 26, 1949.

Jane Sipler then returned to the home of the relators, Russel K. Shelly and Kathryn Shelly, with the minor child, and Jane Sipler thereafter married Elmer Brennerman. Without waiting for the decree to become final, Lester C. Sipler married Mary Cox, who was the natural mother of Russell George Cox (Sipler), the minor whose custody is involved in this case. This marriage took place before the divorce decree, but the parties were remarried on September 4, 1951, when, according to Lester C. Sipler, he had learned that the previous marriage to Mary Cox was void.

Jane Sipler neglected the child and did nothing for him from March, 1951, to July, 1951, during which period the child was with the relators.

After Lester C. Sipler married the natural mother of the child they arranged, in July, 1951, to take Russell for week-end custody. When it appeared to them that the Shellys were trying to make Russell dissatisfied with his living conditions, the Siplers kept him, and on August 10, 1951, the present habeas corpus proceeding was instituted by the relators.

At the hearing Jane Shelly Brennerman was present but did not testify. Elmer Brennerman was also in court, but Jane had not been living with him, and had been living with a man by the name of Oscar Herman.

The Shellys are well-to-do, living at Sellersville. The Siplers are a hard-working family, owning their home and living at Willow Grove. Lester C. Sipler has been working for a number of years for the Reading Transportation Company, and his wife works part time for the Bell Telephone Company. They have one other child, Courtland, who is a half brother of Russell.

The court awarded custody to Lester C. Sipler and his wife Mary Sipler. There is nothing to attack the fitness of the respondents to have custody except the marriage of the respondents before the decree in divorce,—which was remedied by the remarriage during the pendency of the habeas corpus proceeding; plus the allegation of the adoptive father's lack of interest in the child until he married the natural mother.

The question is whether the award of custody to the respondents will best serve the future interest and welfare of the child. Prima facie the parent is entitled to custody, and from this rule we depart only when we are constrained by the most impelling reasons: *Commonwealth ex rel. McTighe v. Lindsay,* 156 Pa. Superior Ct. 560, 40 A. 2d 881. We see no impelling reasons for departing from this rule in the present case. As to the defect in the second marriage, it was not shown that it was had with an intent to enter into an adulterous relationship, and in fact the remarriage of the parties after learning that this marriage was void excludes that consideration. We might say in passing that in *Commonwealth ex rel. Martocello v. Martocello,* 148 Pa. Superior Ct. 562, 25 A. 2d 855, from which the appellants quote as a basis for their contention, conviction of adultery did not prevent the Court from granting custody to the father of the child, and in that case it was further held that lapse from moral standards is not controlling. See also *Commonwealth ex rel. Schrim v. Smith,* 170 Pa. Superior Ct. 390, 85 A. 2d 617. Lack of interest of the respondent, Lester C. Sipler, cannot affect his and his wife's right to custody as against these relators. Furthermore, the respondents had attempted to locate the child for some time. There are no extenuating circumstances which would cause this Court to feel that the rights of the relators rise above those of the father and of the natural

mother of said child. It has not been shown that there is such attachment by the child to the relators as to affect the child if given to the adoptive father and the natural mother. Cf. *Commonwealth ex rel. Haller v. Hanna*, 168 Pa. Superior Ct. 217, 77 A. 2d 750, and *Commonwealth ex rel. Miller v. Wagner*, 160 Pa. Superior Ct. 536, 52 A. 2d 235.

Under all of the circumstances of this case, reasons for giving custody to the respondents far outweigh considerations favoring the relators. After careful consideration of the testimony we agree with the court below that the welfare of the child will be best served if custody is awarded to the respondents.

Order affirmed.