Commonwealth ex rel. Baisden, Appellant, *v.* DeMarco.

Argued June 9, 1969.  Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and
CERCONE, JJ.

*Stanton A. Berkowitz,* with him *James A. Burgess,
Jr.,* for appellant.

*Herbert Brener,* with him *Meshon & Brener,* for ap-
pellee.

OPINION BY HOFFMAN, J., September 11, 1969:
This is a custody case.

Appellant is the mother of an eight-year old son,
William.  William is the youngest of three children
born to appellant and her former husband, during their
almost thirteen years of marriage.  Before their divorce
in 1967, the husband and wife had been separated for
about two years.  During that period of time, all three
children had lived with their mother.  In 1968, the
mother remarried and together with the three children
moved to New Jersey.  Two days after her remarriage,
her former husband came to the New Jersey home and
forcibly removed William.  The mother brought a pe-
tition for writ of habeas corpus to recover custody of
her son.

A hearing was held before Judge BELOFF. He gave his usual careful consideration to the petition, which he denied after conducting extensive hearings. We recognize that great weight should be accorded to the findings of the trier of fact. Nonetheless, in the instant case, a different conclusion is warranted.

It is an established rule in this state that a child of tender years should be committed to the care and custody of its mother unless there are compelling reasons to the contrary. *Commonwealth ex rel. Lovell v. Shaw*, 202 Pa. Superior Ct. 339, 344, 195 A. 2d 878 (1963); *Commonwealth ex rel. Logue v. Logue*, 194 Pa. Superior Ct. 210, 166 A. 2d 60 (1960); *Commonwealth ex rel. Jacobson v. Jacobson*, 181 Pa. Superior Ct. 369, 124 A. 2d 462 (1956). Even a moral lapse by the mother will not warrant depriving her of custody, as long as the lapse does not involve the treatment and care of the children. *Commonwealth ex rel. Gervasio v. Gervasio*, 188 Pa. Superior Ct. 95, 145 A. 2d 732 (1958).

In the instant case the lower court justified its refusal to adhere to the "tender years" doctrine on two grounds: (1) the mother worked during the day; and (2) the child preferred to live with its father.

In *Commonwealth ex rel. Lovell v. Shaw*, supra at 344, Judge MONTGOMERY reaffirmed the law of this state that "a mother should not be deprived of the custody of her child of tender years because she is compelled to work for a living." Moreover, the record indicates that the mother would work only until she had paid her attorney's fees. Her present husband testified that his wife need not work, since he was earning enough to support his family without additional help.

Indeed, the employment record of the father would militate against granting custody to him since he worked weekdays, many weeknights and weekends, and left the child with his grandmother and aunt.

Moreover, the stated preference of the eight-year old child should not be accorded great weight. As we stated in *Commonwealth ex rel. Hickey v. Hickey*, 213 Pa. Superior Ct. 349, 354-355, 247 A. 2d 806 (1968), the "rule is well-established in custody cases, that the expression by a child of a wish to stay with a particular parent is a factor which should be considered but is not controlling, especially where the child is of tender age . . . . Where the interest of the child will best be served by placing the child with the parent for whom preference has not been expressed, this consideration will prevail." It is apparent from the record in this case that the child's preference for his father stemmed from his familiarity with the neighborhood in which his father lived and the consequent proximity of his friends. In light of the very young age of this child, this consideration should be accorded little weight.

Finally, the court itself admitted that "the children will be well-cared for no matter where they are." Such statement, standing by itself, warrants the reversal of the lower court, in light of our long-established rule that except in extraordinary circumstances, a young child should remain in the custody of his mother.

The order of the lower court is vacated and the habeas corpus petition is granted.

WRIGHT, P. J., and WATKINS, J., would affirm on opinion of Judge BELOFF.