Concurring Opinion by
Spaulding, J.:
Appellant Gordon J. Tomb, appeals from the order of President Judge John A. Cherry of the Court of Common Pleas of Clearfield County, dismissing appellant’s petition for writ of habeas corpus, seeking custody of his son, Kevin, and awarding custody to appellee mother, Nancy J. McCauley.
The parties were divorced in September 1967. They are the parents of two children, Kevin, age 5, the subject of this action, and Becky Sue, age 9. At the time they were divorced, the parties entered into a written agreement providing that appellee mother receive custody of Kevin and appellant father custody of Becky Sue. Both parties have since remarried. As a result of her remarriage, appellee mother and her new husband have had three children. No children have been born to appellant husband since his remarriage.
The settlement agreement fixing custody has been adhered to by both parties. However, appellant now seeks custody of Kevin based on his contention that custody with him is in the best interests of the child.
While the scope of our review in child custody cases is quite broad, Act of July 11, 1917, Section 1, P. L. 817, 12 P.S. §1874, we cannot nullify the fact-finding function of the hearing judge, and in judging the credibility of witnesses and the weight to be given to their testimony, we must accept his findings. Commonwealth ex rel. Gifford v. Miller, 213 Pa. Superior Ct. 269, 273-4, 248 A. 2d 63 (1968) ; Commonwealth ex rel. Harry v. Eastridge, 374 Pa. 172, 97 A. 2d 350 (1953). As we stated in Commonwealth ex rel. Sissel v. Sciulli, 216 Pa. Superior Ct. 429, at 432, 268 A. 2d 165 (1970) : “In questions of custody, paramount importance is *59 placed on the welfare of the children involved. Commonwealth ex rel. Shipp v. Shipp, 209 Pa. Superior Ct. 58, 223 A. 2d 906 (1966); Commonwealth ex rel. Buczynski v. Powers, 421 Pa. 2, 219 A. 2d 460 (1966), states the policy eloquently: ‘In determining the custody of a child of tender years, there is only one polestar, one compass, one standard of reasoning to follow, and that is the best interests of the child.’ In ascertaining the best interests of such a child, we have used the very strong presumption that a child of tender years belongs in the custody of his mother. Commonwealth ex rel. Logue v. Logue, 194 Pa. Superior Ct. 210, 166 A. 2d 60 (1960), and the cases cited therein.” In Logue, Judge Montgomery noted that: “One of the strongest presumptions in our law is that a mother has a prima facie right to her children over any other person.” [Citations omitted.] 194 Pa. Superior Ct. at 215. Farther, where a child has done well and been happy in the custody of one parent for over four years, our courts hesitate to disturb his life by a shift in custody unless circumstances have changed to the extent that they compel such a change. See Commonwealth ex rel. Swanson v. Barry, 199 Pa. Superior Ct. 244, 184 A. 2d 370 (1962).
Appellant contends that the custody agreement and “tender years doctrine”, both of which support appellee’s continued custody, should be ignored. His argument concludes that if Kevin’s custody is granted to him “the child will live in a much better environment than that in which he presently lives with his mother”.
In support of his position, appellant’s brief summarizes the evidence as foUows:
“The Appellant and his witnesses have all testified that the home of the Appellee mother is filthy at the various times they have visited said home; that said home is located ... on a dirt road one and one-half *60 miles from the nearest paved road; that the lawn of said home is very seldom, if ever mowed ....
“It also appears from the testimony that in this case the Appellee mother and her new husband are irresponsible people. In addition to being on Public Assistance, and the condition of their home as aforesaid, the Appellee mother and her new husband, together with the children, appear in public in a disheveled, untidy, dirty condition, which causes strangers to turn and look . . . .” Appellant’s Brief, at 5 and 9. This was the sole basis for appellant’s contention that granting him custody would be in the best interests of the child.
The hearing judge, in determining the credibility of the witnesses and the weight to be given to their testimony, found that the evidence did not support appellant’s argument. He states that: “Before instituting this action, plaintiff [appellant] had never complained to defendant, nor anyone else, concerning the child’s welfare. His testimony is directed only to . . . lack of cleanliness — without any attack upon morals, however. None was convincing nor sufficient to take custody from the mother.” The hearing judge also found that appellee mother’s care was far from neglectful.[1] His opinion notes that: “Our observation and our *61 analysis places credibility — and sincerity of purpose— on the side of defendant.”
We agree with the decision of the court below. Appellant’s contentions were insufficient to overcome the presumption in favor of appellee mother created by the tender years doctrine. His argument as to cleanliness was found to lack credibility by the court below and we concur in finding appellee’s testimony more credible on this issue. As to appellant’s arguments that Kevin would be provided with more advantages of life in his custody and that appellee and her new husband are on welfare, these contentions, too, are unpersuasive. This Court has held that the fact that a father may be able to supply a child with superior surroundings and advantages does not of itself overcome a mother’s right to the child’s custody. Commonwealth ex rel. Lovell v. Shaw, 202 Pa. Superior Ct. 339, 195 A. 2d 878 (1963); Commonwealth ex rel. Logue v. Logue, supra. We have also held that the fact that a mother of a child of tender years is receiving public assistance is not a compelling reason overcoming her right to the child’s custody under the tender years doctrine. Commonwealth ex rel. Gifford v. Miller, 213 Pa. Superior Ct. 269, 248 A. 2d 63 (1968).
I concur in affirming the order of the court below.
Hoffman and Cekcone, JJ., join in this concurring opinion.

 He found that: “defendant’s own testimony established that this boy’s spiritual needs were fully answered for by constant attendance at Sunday School; that defendant has not only sent him to kindergarten, but also inquired into his progress . . . that the boy’s health was good .... [H]e is a ‘very bright, lovable little boy’, the appearance of the mother. and boy were ‘very nice’ .... Another teacher, . . . testified . . . that the boy is ‘very well-mannered . . . well-behaved . . . (and has) good manners in eating ....’" (R. 214a-215a).
The hearing judge’s entire summary of the testimony heard clearly indicates his total acceptance of the credibility of the mother and his belief that she is fit to care for this child.